Submitted September 12, reversed October 26, 2011

In the Matter of R. G.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

R. G.,
*Appellant.*

Marion County Circuit Court
10C18268; A146358

265 P3d 85

Tom Coleman filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of a judgment committing her to the custody of the Mental Health Division, ORS 426.130(1)(b)(C), based on a finding that, because of a mental disorder, she was unable to provide for her basic personal needs and was not receiving the care necessary for her health and safety, ORS 426.005(1)(e)(B). Appellant assigns error to that determination, arguing that the state failed to establish by clear and convincing evidence that she was unable to provide for her basic personal needs.

Appellant has not requested *de novo* review, and we decline to review the facts in this case under that standard. ORS 19.415(3)(b); *see also State v. B. B.*, 240 Or App 75, 77 n 2, 245 P3d 697 (2010) (adhering to " 'presumption against the exercise of discretion' to engage in *de novo* review" without request and justification to do so (quoting ORAP 5.40(8)(c))). Therefore, we defer to the trial court's findings of fact if there is any evidence to support them and review the court's legal conclusions for legal error. *Id.* at 77.

A discussion of the facts would not benefit the bench, the bar, or the public. The trial court appears to have based its determination that appellant was unable to provide for her basic personal needs on a medical examiner's conclusion that appellant lacked "skills to handle homelessness" and access to financial resources, which made appellant's future plans to care for herself "not very realistic." However, even drawing all inferences consistently with the trial court's findings, the evidence in this case is legally insufficient to support a finding that appellant's mental disorder created a serious and "nonspeculative threat to [appellant's] near-term survival." *See State v. D. M.*, 245 Or App 466, 473, 263 P3d 1086 (2011) (stating principle); *see also State v. A. M.-M.*, 236 Or App 598, 604, 238 P3d 407 (2010) ("Although it seems plausible that [the] appellant will not have housing services available on release, * * * homelessness is not adequate justification for involuntary commitment.").

Reversed.